And we hear Counselor Cavanaugh against Geballe. Okay, Mr. Watson. Good afternoon. May it please the Court. I'm Attorney John Watson. I represent Brian Cavanaugh. I'd like to reserve two minutes for rebuttal. The case is about federal jurisdiction and why the district court is obligated to hear Brian's federal question and why the district court should surrender its jurisdiction. There's no doctrine that states that dependency— Can you speak up? Can you speak into the microphone? Sure. There's no doctrine that states that dependency of state judges proceeding will exclude the federal courts from hearing a federal question. The district court inappropriately applied Younger abstention doctrine in this matter. Brian properly sued Josh Geballe, acting as commissioner of DAS, in the district court, and he is not interfering with the Connecticut Probate Court's administration of a deceased grandmother to state. Younger is based on federalism and comedy. The coroner of the Supreme Court— Mr. Watson, can you tell me what is the status of the probate proceedings right now? They're staged, Your Honor. Nothing happened. So the final thing, as I understand, that happened was a request for a final report and basically an accounting. Is that right? And that was in May 2020, due 30 days thereafter. Was that report ever submitted? No, Your Honor. So 15 days after it was due but not submitted. No, there was a motion for a stay, and the proceedings have not advanced. And is there a way to view this as the probate court has really done, by way of administering the grandmother's estate, everything it needs to do is just waiting for a final report? Yes, that would be what would be the conclusion of this matter. It would be a financial report where the coroner will order the distribution of the estate. And the only remaining issue is the lien and whether your client owes $22,000. Well, Your Honor, the probate court can order what it wants to order. This matter really involves a suit between the creditor of the beneficiary. It really doesn't involve the creditors of the deceased's estate. It doesn't end Brian Kavanaugh's suit in the district court. He has a civil rights claim in the district court that is separate and distinct as to what is going on in the probate matter. The probate matter, again, deals with the grandmother's estate, collection of the assets, payment of creditors of the grandmother. It really doesn't have anything to do with the beneficiary and his creditor. And Brian's suit is a suit. Would you agree with the following, that if this proceeding were at a much earlier stage, in other words, the probate court had only just begun to administer the estate? Let's just say that it was a more significant estate. I don't mean to diminish the grandmother's estate here, but there's much more complexity involved. Would the younger abstention might adhere? I don't think so, Your Honor, because, again, younger abstention, there's three points to the younger abstention. One, is it a criminal proceeding? No, it's not a criminal proceeding brought by the State against a beneficiary. Is there a civil enforcement proceeding against a beneficiary? No, there is no civil enforcement. He doesn't carry a license. There's no regulatory activity here. And the third element is, is there a civil proceeding involving certain orders uniquely in the furtherance of the State's court ability to perform a judicial function? That's what we're focused on, right? Right. So what I'm saying is that the court could order the distribution and could even order payment to the State of Connecticut. It still doesn't change Brian's claim in that he's claiming that there's no hearing here. The State courts in Connecticut, the probate courts, they're limited jurisdictions. They don't have the ability to adjudicate the claims of the beneficiary and his creditor. This is what is going on here. This is a beneficiary and his creditor. Brian still can maintain his action in the federal court, claiming that what Josh Cabell is doing is unconstitutional and asks for disgorgement. So he's not interfering with the probate court in this matter. The probate court could order it. But, again, what I'm dealing with here is not the administration of the decedent's estate and the relationship between the decedent and the decedent's creditors. I'm looking at Brian Cavanaugh and a creditor of a beneficiary. That's the issue here. And what makes it a difficult position is the court is the court of limited jurisdiction. Even on an appeal to the Superior Court, the Superior Court in Connecticut has to function as that court of limited jurisdiction. They can't adjudicate and they can't enjoin Commissioner Cabell. They don't have the statutory power to do that. They only have the powers to deal with the deceit and the creditors of the deceit. Furthermore, they're conflicted. There's a statute in Connecticut that enlists the probate court. It says you probate court, upon receipt of this notice from Commissioner Cabell, are to order distribution. There's no room for hearing. So they're not jurisdiction. But doesn't that state, though, to comply with that, and I don't have the language in front of me, comply with a proper order? There's some kind of qualifying language saying that the lien or the order has to be proper, legal, or valid in some way. It's not that any order must be obeyed. And so the probate court does have the ability to determine whether or not it's a proper order, doesn't it? No. No. 17B-94B says, upon receipt of notice, the court shall make distribution. There's no adjudication of this order. The court cannot adjudicate whether there was ACA coverage for Brian, whether the state's involvement in trying to collect this is unconstitutional. There's no adjudication here. Because, again, the probate court is jurisdictionally limited to dealing with the creditors of the deceit. It's not capable of dealing with Federal claims of a beneficiary. It's very unrelated. But what you're doing is you're finding the state statute recruiting the probate court to order distribution without a hearing. Is there anything in state law that prohibits the probate court from determining factually or legally the validity of the lien? Yeah, there's case law that courts are only empowered in their statutory court. The history of Connecticut is that there's 168 towns. These were elected probate judges. Many of them were not even lawyers. That's the history of Connecticut. They're a statutory court. They only can do what the statutes allow. And they are not a court of general jurisdiction. And even on appeal to the Superior Court, that court still would not function as a court of general jurisdiction. They're only involved with litigating the rights between the decedent and the creditors of the decedent. This is a Federal claim that Bryant's made against this third-party creditor. It's almost as if there was a Sears Roebuck credit card claim. I don't know why you—I don't know why it makes a difference that it is a Federal—as a matter of younger abstention, that it is a Federal claim. I mean you outlined the three factors or requirements or prongs. And if a Federal lawsuit implicates prong three, for example, that would trigger younger abstention even if there were Federal claims. I think that that's the premise of younger. Now, whether it fits into this number three prong, that's the question before us. Right. And what I'm trying to argue, Your Honor, is I'm trying to say is the way the law works in Connecticut is you have—you don't have this opportunity for a hearing. What you're having is this notice that comes out of the state of Connecticut, out of Josh DeBell, to the probate court. And it says, upon receipt of this, you shall order distribution to the state of Connecticut. So this part that would have gone to this beneficiary goes directly to the state of Connecticut without a hearing. So Brian Kavanaugh sued in Federal court saying, look, I don't have a place to argue my case. I'm here in Federal court saying I'm supposed to be covered. I'm not supposed to be losing my property. Mr. Watts, you reserve some time, so we'll hear from you in due course. Thank you. Ms. Flaherty. Good afternoon, Your Honors. May it please the Court, I am Assistant Attorney General Krystlin Lohner here on behalf of Josh DeBell, the Commissioner of the Connecticut Department of Administrative Services. The district court properly dismissed this matter based on the Younger abstention doctrine. The district court analyzed this case under the extended definition of Younger as defined in Sprint when it stated that there can be little question that determining the validity of the state's lien is integral to the probate court's ability to perform its judicial function. How is the probate court's order uniquely in furtherance of the state court's ability to perform its functions? A main function of the probate courts is to administer and distribute estates. This is almost done. Do you disagree that all we're waiting for is the final determination, a final report, not from the probate court but from one side or the other, and that the estate of the grandmother has largely been administered and now it's purely a dispute about a creditor that happens to be the state having put in a lien? Essentially, yes. At this point, we are waiting for the fiduciary to file a final financial report. The probate court would have a hearing on that and either accept the… So how will this interfere in any significant way with the ability of the probate court or the state courts to perform its functions or their functions? Because the probate court has already determined that the state has an interest and a lien in this matter and an interest and that the state can file an appeal to the superior court if the probate court orders distribution that does not include payment of the state's lien. The matter is not over with. Although it is near the end, it is not over. The probate court still has final say as to what is distributed to whom. I'm sorry. So is the line you want us to draw is whether a state court proceeding or a state administrative proceeding is over in order to determine whether a younger abstention obtains? Younger… That can't possibly be the line, but I'll let you answer that question. In particular, if the federal courts were to step in and essentially negate the order that the probate court judge has already entered, it would interfere with… So the Supreme Court says in NOPC that preempting or invalidating a state court order, that is not enough to trigger younger abstention. That concern is not enough. So what is it that you're telling us? Not the invalidation, but the concept that the state has an interest in protecting the judicial function. What is the judicial function? What is the core judicial function that would be disturbed if we, I guess, reversed the district court here and determined that younger abstention did not obtain? The probate court's ability to administer and distribute the estate. The estate has not been distributed. It is still in probate court. It is in proceedings in probate court. Has entered orders. It has come a long way, but it is not finished. So you go back to this, it's finished or not finished, and if I disagree with you that that's the dispositive analytical basis for determining whether younger abstention obtains, then where are we? If this court were to determine that younger abstention does not apply, we have briefed several other alternative means to uphold the district court's dismissal of the case. Namely, there is no federal question involved in this matter. The debt in question is a debt that is owed entirely to the state of Connecticut. It does not involve any federal funds or any federal statute. Although the plaintiff has argued that the lien violates the federal anti-Medicaid lien provision, that assertion is incorrect. As discussed in detail in our brief, federal statute, it's 42 U.S.C., and the specific number is under seal, but it's cited in our brief. Expressly prohibits the services received by the plaintiff from being covered by Medicaid. Therefore, there are no federal funds in play, and no federal statutes are implicated. And this matter belongs in the state court. Another alternative to younger is also the probate exception. If this court finds that younger is inappropriate, the court could nevertheless abstain from hearing the matter due to the probate exception. If federal courts were to assume jurisdiction over this matter, it would interfere with the ongoing probate proceedings as well as assert control over property that is within the custody of the state probate court. Therefore, the probate exception also applies and is a valid reason for the federal court to assume. Does the probate exception apply when someone is challenging a will or the actual probate as opposed to a lien? In this court in Lesko, it's held that there's a two-part inquiry, that either the matter to be litigated is purely probate in nature, which is not the case here, but the second question is, is this matter probate-related? And probate-related means, would it interfere with probate proceedings? Would it assume general jurisdiction of the probate court or would assuming jurisdiction assume control over property that's in the custody of the state? If the answer to any of these is yes, then the probate exception applies and we believe that prong one and prong three are both implicated in this case. As stated, there are ongoing probate proceedings. Additionally, the property in question is currently in the custody of the state probate court. It's the case, is it not, that the district court did not reach the argument of want of subject matter jurisdiction based on the probate exception? That is correct. So, are you suggesting that we can or should reach this question, which the district court did not consider? I'm suggesting that you could, that should you find the Younger abstention is not appropriate, you could reach that if you chose to. Even though it's not been argued before the district court, the district court did not have an opportunity to act on that? Yes. As also mentioned in our brief, yet further reason to uphold the dismissal of this case is that the plaintiff has failed to state a claim upon which relief can be granted. As previously discussed, there are no federal issues or no federal statutes implicated. This is a debt owed entirely to the state of Connecticut. The plaintiff cites no authority showing that the probate court cannot make a threshold determination of the validity of the DIS lien. Under Connecticut law? Under Connecticut law, correct. So, you would be asking us to construe that in the first instance without the prior intervention of the district court? If I'm understanding you correctly, yes. You'd ask us to resolve this question without getting the benefit of the district court's views on that. Just to follow up on Jessica Brown's questions to you. Or alternatively remand it if this court finds that Younger abstention is inappropriate, remand it for the district court to review on alternative grounds. Okay. If there are no further questions, I will rely on my brief. Thank you very much. Thank you. Mr. Watts. Thank you, Your Honor. Brian does have a federal question, and that's the point of his suit. The federal question needs to be answered, and the Connecticut probate courts can't answer that question or the Superior Court. The question is, is the extent of coverage under the ACA. So, in 2010, Connecticut was the first state to become a participant in the Affordable Care Act. Brian received services in 2011. The Affordable Care Act brought about Medicare, basically, for a group of individuals that never had medical care. Assume that we know what the Affordable Care Act is. All right, well, there's 10 essential health benefits. There's mental health benefits that are also required by statute that be filed during this early period of time. So, Brian's suit in federal court is saying that he's covered. Now, the Connecticut probate courts don't have the legal authority, the jurisdictional capability. They're statutory courts, and they cannot adjudicate this matter. You're saying that they, even as a threshold question, they can't answer the, they can't look to the question of if these particular fees are covered by Medicaid based on the statute? Right, they can't interpret what the ACA is. They can't interpret what the, they can't enjoin the commissioner. Is it really a question of, is it really as involved as sort of making some kind of complicated interpretation of the ACA? It's a very, it's a threshold question of. Correct, it's federal law, yes. It's an interpretation of the Affordable Care Act. And the Connecticut, and the probate court is not permitted to address in any fashion federal law? Is that your? No, no, they're not a court of general jurisdiction. They're primarily concerned with the estate of the deceit, the creditors of deceit. How does it determine the validity of any lien? Let me back up. Is a probate court empowered in Connecticut to determine the validity of a lien? Against a decedent's estate, yes. Against a decedent's estate, so that's where we are, right? And how is it empowered to do that? Statutorily, it's empowered to do that. It's specifically laid out by statute. This case involves a third-party creditor. No, I understand that. It's not laid out by statute. But I think you're suggesting that somehow the probate court is not authorized in this case to determine the validity of this lien because of the federal legal complexities. Right, it's outside their jurisdiction, correct. Statutorily, they cannot decide that. What is it that they can't decide? They cannot decide the application, the ACA, the extent of coverage. Yes, but they can, a probate court can decide the facial validity of a lien. Presumably, it's a very facial level. Against a decedent. So hypothetically, like a Visa credit card debt of a beneficiary wouldn't be able to interject itself into the probate court and say, Hey, pay me. I'm here. Pay me. All we have here is a statute in Connecticut that enlists the probate court to act like the executive branch and say, Look, upon receipt of this VA notice, you are to order distributions. That's what's happened here. That's all that's happened. And the court in the decision had to do with standing. What you're reading about what happened in the lower court and the district court and what they looked at was an issue of standing. There was an argument that did the state of Connecticut have standing as a third-party creditor to this beneficiary? Did they have standing to come in here to interpret the will of the decedent? Most courts, they don't have standing. The reason why the court ordered that they had standing was because of this lien, this statutory lien notice. The probate court said, Hey, we have this notice, and we're a statutory court, and we're just going to follow the dictates of this notice. Notice says, Look, I'm to make distribution. That's all that's going on here. But Brian doesn't have a place to go. He is a covered Husky D, Medicaid beneficiary, enrolled in 2011. He received services. And what his complaint is is that he should not have to be repaying this debt because he's insured by the ACA. And the probate court in Connecticut, or even an appeal to the Superior Court, is incapable of hearing this issue because of the statutory jurisdictional limitations that are imposed. And they're also tainted. That statute taints the court. It enrolls the court to simply just order without any hearing. Okay. Thank you, Mr. Watts. Thank you. We'll reserve decision.